UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSE REID, JR.,

    Plaintiff,

vs.

RAY MABUS, et al.,

    Defendant.

Case No. 1:15-cv-538

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Pittsburgh, Pennsylvania, brings this pro se action against the Secretary of the Navy, the Director of the Central Intelligence Agency, the Director of the Federal Bureau of Investigation, and sixteen other individuals and agencies alleging a violation of his rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

1. [The defendants] are agents and officers of the United States and owe Plaintiff Banks a duty pursuant to their Constitutional Oaths of Office and the Trust Relationship in the 1868 Treaty of Fort Laramie, 15 Stat 635 to uphold the U.S. Constitution of the USA including the Due Process and Unlawful takings clauses of the Fifth Amendment. As it relates to the Treaty of Fort Laramie. Defendant's violated their Duties owed under the "bad men" provision when they acted as bad men against the Plaintiff and further negligently and intentionally violated their duties owed as follows;

2. Plaintiff contacted Ray Mabus and Sam Emhart who did nothing to investigate his claims that Navy Sea Systems Command in Washington DC were the ones sending a wireless signal via satellite in real time to harass him electronically using synthetic technology because of law suits he filed against the federal government. The gist of the harassing communications was that the Navy was seeking to have Plaintiff stop filing suits against the federal government. These communications continue around the clock and have been going on since 2012. Ernhard, Mabus, Popella, Stackley and NCIS operators failed to lodge the complaint but instead ignored it. Then Plaintiff contacted the tip line for NCIS they hung up on him right after Plaintiff notified them directly that he is not alone in making these allegations and that there are approximately estimated 300,000 "Targeted Individuals" in the USA right now being electronically harassed. Most of their claims are ignored by the courts and government and they are lost because health care professionals, the courts and the government have failed them. No one wants to investigate the FACT that the signal has been traced to Navy Sea Systems Command in Washington DC.

> They are engaged in a massive cover up and conspiracy with the other Defendant's to deny Plaintiff his constitutional rights. As a result these agents and officers are liable to Plaintiff in the amount of $600,000,000 (six hundred million dollars). A Jury trial should be ordered.
>
> Instead of investigating the FBI, Langford, Comey, Pivnichny and Eddy decided to cover this up and retaliate against Plaintiff. All of these Defendant's retaliated, discriminated and violated Plaintiff's constitutional Rights to Petition the Government for redress in violation of the First Amendment and their duty owed to Plaintiff to uphold the US Constitution under the power Plaintiff and his fellow citizens gave to these Defendant's in the Preamble to the US Constitution. Meanwhile the CIA started to harass Plaintiff electronically using a technology known as Synthetic Telepathy. . . .

(Doc. 1-1, PAGEID#:3-4). The complaint continues in a similar vein. Plaintiff requests $10,000,000.00 "for violations of the First, Fifth, Eighth, and Fourteenth Amendments to the US Constitution and State Constitution and negligence." (Id. at PAGEID#:5).

Plaintiff's pro se complaint is rambling, difficult to decipher, and borders on the delusional. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations of "conspiracy," "retaliation," and "discrimination" are pure legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to

4

proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/18/15

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JESSE REID, JR.,                          Case No. 1:15-cv-538

    Plaintiff,                           Black, J.
                                           Litkovitz, M.J.

    vs.

RAY MABUS, et al.,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).